UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JOE BURGOS VEGA, et al.      :
                             :              PRISONER
     v.                      :   Case No.  3:04CV1215(DFM)
                             :
THERESA LANTZ et al.         :
```

RULING AND ORDER

At the time he filed this action, plaintiff, Joe Vega ("Vega"), was confined at Corrigan-Radgowski Correctional Institution in Uncasville.  Currently, he is confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut.  With his complaint, Vega filed a motion for preliminary injunctive relief regarding his conditions of confinement at Corrigan-Radgowski Correctional Institution.  For the reasons that follow, Vega's motion is denied without prejudice.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'"  Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Medical Society of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)).  In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity."  Vorbeck v. McNeal, 407

F. Supp. 733, 739 (E.D. Mo.), aff'd, 426 U.S. 943 (1976).

In this circuit the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor."  Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases.  See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992).  Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony."  7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995).  Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff or conditions of confinement at a particular correctional

institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). Other courts concur with this result. See, e.g., McAlpine v. Thompson, 187 F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement); Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993) (holding that inmate's suit for declaratory judgment as to whether correctional officers violated his constitutional rights by opening his privileged mail outside his presence was rendered moot by inmate's release from prison); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that inmate's claims for injunctive and declaratory relief concerning prison conditions were moot where prisoner had been moved to another prison unit).

This motion concerns conditions of confinement at Corrigan-Radgowski Correctional Institution. Vega no longer is confined in that facility. Thus, his request for preliminary injunctive relief appears moot.

There is, however, a narrow exception to this principle. The court may decide a claim that, technically, is moot where the claim is "'capable of repetition, yet evading review'" and the

repetition will affect "the same complaining party." Altman v. Bedford Cent. Sch. Dist., 245 F.3d 49, 71 (2d Cir.) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) and Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam)), cert denied sub nom. Debari v. Bedford Cent. Sch. Dist., 534 U.S. 837 (2001).

The claims appear capable of repetition. The court assumes that if Vega were returned to Corrigan-Radgowski Correctional Institution, he would be subject to the same conditions described in the motion. The situation would not, however, escape review. Vega could file another motion for preliminary injunctive relief should he be transferred back to Corrigan-Radgowski Correctional Institution.

Vega's motion for preliminary injunctive relief [doc. #8] is DENIED without prejudice as moot. This is not a recommended ruling. Vega and defendants have consented to the exercise of jurisdiction by a magistrate judge and this case was transferred to the undersigned for all purposes on June 14, 2005.

**SO ORDERED** this 27th day of July, 2005, at Hartford, Connecticut.

       /s/ Donna F. Martinez
       DONNA F. MARTINEZ
       UNITED STATES MAGISTRATE JUDGE