UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JOE BURGOS VEGA, et al.[1]      :
                                :            PRISONER
     v.                         :   Case No.  3:04CV1215(DFM)
                                :
THERESA LANTZ et al.            :
```

RULING AND ORDER

Pending are eleven motions filed by plaintiff Joe Burgos Vega ("Vega").

I.   Motions for Appointment of Counsel [docs. ##33, 52]

Vega has filed a third and fourth motion seeking appointment of pro bono counsel.  For the reasons set forth below, Vega's motions are denied without prejudice.

As the court stated in its ruling denying Vega's second motion, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper

---

[1] Plaintiff Vega attempted to commence this action with several other inmates.  Only Vega signed the complaint.  On August 18, 2004, the court ordered all purported plaintiffs to submit an amended complaint signed by all plaintiffs.  (See Doc. #5.)  When no amended complaint was filed, the court (Chatigny, D.J.) dismissed the action as to all inmates except Vega.  (See Doc. #11, filed November 29, 2004.)


v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).  The district court must "determine whether the indigent's position seems likely to be of substance."  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Cooper, 877 F.2d at 171.

Defendants have answered the complaint and filed a motion for judgment on the pleadings.  Vega reports that Inmates' Legal Assistance Program will not provide assistance because program attorneys do not think that his claims have merit.  In light of the defendants' motion and the unfavorable assessment of his claims by the attorney from Inmates' Legal Assistance Program, the court cannot conclude at this time that Vega's claims pass the test of likely merit.  Accordingly, Vega's motions for appointment of counsel [**docs. #33, 52**] are **DENIED** without prejudice to renewal at a later stage of litigation.

II.   Motions for Extension of Time [docs. #35, 55]

Vega has filed two motions for extension of time to respond to defendants' motion for judgment on the pleadings.  In the first motion, he requested 60-90 days from July 15, 2005, the date defendants filed their motion.  In the second motion, he seeks an extension from September 18, 2005 to November 17, 2005 to respond to the motion.  Vega's first motion [**doc. #35**] is

**GRANTED** <u>nunc</u> <u>pro</u> <u>tunc</u>.  His second motion [**doc. #55**] is **GRANTED**.  Vega is directed to file his response to defendants' motion for judgment on the pleadings on or before **November 17, 2005.**

III. <u>Motions to Strike [docs. ##40, 42, 45, 48]</u>

Vega asks the court to strike the affidavits of defendants Robert Deveau, Abdul Majid Karim Hasan and Robert E. Frank as well as paragraphs one and seven of defendants' answer.  For the reasons that follow, the motions to strike are denied.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."  <u>Schramm v. Kirschell</u>, 84 F.R.D. 294, 299 (D. Conn. 1979).  <u>See</u> <u>Lipsky v. Commonwealth United Corp.</u>, 551 F.2d 887, 893 (2d Cir. 1976) ("courts should not tamper with the pleadings unless there is a strong reason for so doing"); <u>Velez v. Lisi</u>, 164 F.R.D. 165, 166 (S.D.N.Y. 1995) ("A motion to strike is an extraordinary remedy which will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.").

In three of the motions to strike, Vega seeks to strike affidavits.  An affidavit is not a pleading.  Rule 7(a), Fed. R.

3

Civ. P., defines a pleading as a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint or third party answer.  Because an affidavit is not a pleading, these motions to strike [**docs. ##42, 45, 48**] are **DENIED**.

Defendants' answer is a pleading.  Thus, Vega may move to strike portions of the answer if he demonstrates that a defense is insufficient or that material contained in certain paragraphs is redundant, immaterial, impertinent or scandalous.

Paragraph one of the answer provides: "Plaintiff's Amended Complaint[2] is barred, in large part, by the Statute of Limitations."  Vega disagrees with this statement.  The statute of limitations is not an insufficient defense and defendants' assertion of that defense is relevant to this action.  Vega's motion to strike is denied as to paragraph one.  Vega may present his arguments why his claims are not time-barred in his memorandum in opposition to defendants' motion for judgment on the pleadings.

Paragraph seven of the answer provides: "Paragraph 16 is admitted on[ly] to the extent it alleges that Imam Hasan is an expert consultant or advisor under contract for the DOC and his business address is 24 Wolcott Hill Road, Wethersfield, CT 06109.

---

[2]The operative complaint in this case is the original complaint filed on July 20, 2004.  Although defendants' answer refers to an amended complaint, the paragraph references included in the answer match the paragraphs in the original complaint.

The rest and remainder of said paragraph is denied." In paragraph sixteen of the complaint, Vega alleges that defendant Hasan is employed as an Islamic advisor. He does not characterize defendant Hasan as an expert.

While Vega is correct that defendants included language in this paragraph that was not included in paragraph sixteen of the complaint, their reference to defendant Hasan as an expert does not automatically afford defendant Hasan that status. Defendants have admitted only that defendant Hasan is employed by the Department of Correction as an advisor on Islamic matters. Because this statement is not redundant, immaterial, impertinent or scandalous, Vega's motion to strike is denied as to paragraph seven as well. Vega's motion to strike [**doc. #40**] is **DENIED**.

IV. Motion to Compel [doc. #43]

Vega asks the court to compel defendants to respond to his discovery requests. For the reasons that follow, plaintiff's motion is denied without prejudice.

Rule 37(a)2, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention

of the court.  See Getschmann v. James River Paper Co., Inc., Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").  In addition, Rule 37(a)3 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  Copies of the discovery requests must be included as exhibits.

In his motion and affidavit, Vega explains why defendants should be compelled to respond to his requests.  He acknowledges that defendants filed an objection to his requests but does not describe any attempt to resolve this dispute.  Thus, Vega has not complied with the requirements of section 37(a)2.

In addition, Vega has not attached a copy of his discovery request or indicated the relevance of each disputed item as required by Rule 37(a)3.  Thus, the motion to compel [**doc. #43**] is **DENIED** without prejudice.

If Vega decides to file another motion to compel, he is advised, first, to confer with defendants' counsel and attempt to resolve the dispute and, second, to comply with the requirements of Rule 37(a)3 regarding the form of his motion.

6

V.  Motions for Reconsideration and Petition of Habeas Corpus ad Testificandum [doc. #49, 51]

Vega asks the court to reconsider its ruling [doc. #37] denying his motion for preliminary injunctive relief.[3]

When he drafted the motion for preliminary injunctive relief, Vega was confined at Corrigan-Radgowski Correctional Institution. In the motion, he states that he has been unable to practice certain aspects of his religion. The court denied the motion as moot because Vega was transferred to MacDougall-Walker Correctional Institution. In his motion for reconsideration, Vega states that the court should not have considered his claims moot because he named as defendants high-level correctional officials, not just correctional officials assigned to Corrigan-Radgowski Correctional Institution.

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id.

---

[3] Vega filed this motion and a notice of appeal on the same day. Rule 4(B)(i), Fed. R. App. P., provides that if a party timely files a motion, such as a motion for reconsideration in this circumstance, the notice of appeal becomes effective after the court rules on the motion. Thus, the fact that Vega has filed an appeal of this ruling does not deprive the district court of jurisdiction to rule on the motion for reconsideration.

7

The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

Vega did not indicate in the motion for preliminary injunctive relief that the conditions he identified were systemic. Instead, he describes claims that appear unique to Corrigan-Radgowski Correctional Institution, such as his inability to attend congregate religious services if the facility Islamic chaplain were absent and the facility chaplain's failure to name any "Islamic volunteers." In support of the motion, Vega provides his own affidavit and sworn statements of inmates Lewis Dinkins, Amin Dhanani, Kevin Preston, Courtland Huckabee and Edward Singer. All of the inmate statements are notarized by the same notary, indicating that all of the inmates were confined at Corrigan-Radgowski Correctional Institution. The fact that all of the supporting statements are from inmates at Corrigan-Radgowski Correctional Institution and describe conditions at that facility demonstrates that the motion is directed to conditions at Corrigan-Radgowski Correctional Institution only.[4]

---

[4]In addition, any claim addressing the caloric content of the 2004 Ramadan meals is now moot. Vega's failure to comply with the court's order that he submit an amended complaint

8

Vega now states that the violations he identified occur in all level 3 and level 4 correctional institutions.  He did not include this contention in his original motion and cannot amend his motion for preliminary injunctive relief through a motion for reconsideration.  The court concludes that Vega has not identified any facts or law that the court overlooked in ruling on the motion.  The motion for reconsideration [**doc. #49**] is **DENIED**.[5]  Vega may file another motion if he is experiencing some of the same difficulties at MacDougall-Walker Correctional Institution.  In light of the denial of the motion for reconsideration, Vega's petition for writ of habeas corpus ad testificandum [**doc. #51**] is **DENIED** as moot.

VI. Conclusion

Vega's motions for appointment of counsel [**docs. #33, 52**] are **DENIED** without prejudice to renewal at a later stage of litigation.

Vega's motion to compel [**doc. #43**] is **DENIED** without

---

delayed the court's review of the complaint and consideration of this motion until after the 2004 month of Ramadan had passed.

[5]In the initial paragraph of the motion for reconsideration, Vega states that he also seeks reconsideration of the ruling [doc. #38] denying, inter alia, Vega's motion to reopen this case as to some of the purported plaintiffs.  Vega's arguments are addressed only to the ruling denying his motion for preliminary injunctive relief.  Vega's motion is denied as it relates to the ruling denying the motion to reopen because Vega has presented no reason warranting reconsideration of that decision.

prejudice.  If he decides to file another motion to compel, Vega should, first, confer with defendants' counsel and attempt to resolve the dispute and, second, comply with the requirements of Rule 37(a)3 regarding the form of his motion.

Vega's first motion for extension of time [**doc. #35**] is **GRANTED** nunc pro tunc.  His second motion for extension of time [**doc. #55**] is **GRANTED**.  Vega is directed to file his response to defendants' motion for judgment on the pleadings on or before **November 17, 2005.**

Vega's motions to strike [**docs. ##40, 42, 45, 48**], motion for reconsideration [**doc. #49**] and petition for writ of habeas corpus ad testificandum [**doc. #51**] are **DENIED.**

On April 15, 2005, before service was effected on any defendant, Vega filed a motion for injunctive relief in the form of an order that he not be retaliated against for filing this action.  In the motion, Vega identifies various acts of retaliation.  Defendants are directed to file a response to this motion [**doc. #18**] on or before **October 28, 2005.**

This is not a recommended ruling.  The parties have consented to the exercise of jurisdiction by a magistrate judge and this case was transferred to the undersigned for all purposes on June 14, 2005.

**SO ORDERED** this 30th day of September, 2005, at Hartford, Connecticut.

          /s/ Donna F. Martinez
          DONNA F. MARTINEZ
          UNITED STATES MAGISTRATE JUDGE