UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOE BURGOS VEGA, et al.          :
                                 :              PRISONER
     v.                          :   Case No.  3:04CV1215(DFM)
                                 :
THERESA LANTZ et al.             :

RULING AND ORDER

The plaintiff has filed motions to compel discovery, for extension of time to reply to the defendants' opposition to his motions for preliminary injunctive relief and for leave to amend his complaint.  The defendants seek an extension of time to reply to the plaintiff's opposition to their motion for judgment on the pleadings.  In addition, the defendants ask the court to strike the plaintiff's memorandum in opposition to their motion along with the affidavit and exhibits he filed.

I.   Plaintiff's Motion to Compel [doc. #60]

The plaintiff asks the court to compel the defendants to comply with his discovery requests and disclose home addresses for defendants who did not respond to mail service at the addresses he provided to the court.  The plaintiff does not specify in his discovery request the defendants for whom he seeks addresses.

Rule 37, D. Conn. L. Civ. R., provides in relevant part:
    No motion pursuant to Rules 26 through 37,

> Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court. See Getschmann v. James River Paper Co., Inc., Civil 5:92cv163 (WWE), slip op. at 2 (D. Conn. January 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").

The plaintiff attempts to show his compliance with the local rule by attaching a document informing the defendants that he will file a motion to compel if he does not receive the requested discovery within fifteen days. A demand for all discovery previously requested coupled with a threat to file a motion to compel does not demonstrate a good faith effort to resolve the dispute. In addition, the order for service required the plaintiff to provide current work addresses for all defendants. Although the plaintiff assumes that any defendant for whom service was returned unexecuted is attempting to evade service, he provides no evidence of this fact and does not appear to have attempted to verify the work addresses for any defendants.

The plaintiff's motion to compel is denied without prejudice. Any renewed motion shall include evidence that the

plaintiff attempted to resolve this dispute in good faith.

II. <u>Plaintiff's Motion for Appointment of Counsel [doc. #77]</u>

The plaintiff has filed another motion for appointment of pro bono counsel. He states that, because he filed his opposition to the motion for judgment on the pleadings, the court should now find that his claims pass the test of likely merit. In addition, he states that Inmates' Legal Assistance Program cannot give him legal advice and that he cannot successfully try this case on his own.

Before the court grants a motion for appointment of pro bono counsel, it must "determine whether the indigent's position seems likely to be of substance." <u>Hodge v. Police Officers</u>, 802 F.2d 58, 61 (2d Cir. 1986), <u>cert. denied</u>, 502 U.S. 996 (1991). "[E]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." <u>Cooper v. A. Sargenti Co.</u>, 877 F. 2d 170, 171 (2d Cir. 1989).

The plaintiff's statement that Inmates' Legal Assistance Program cannot provide him legal advice is incorrect. Program attorneys provide legal advice and draft motions and responses for inmates whose claims meet the program requirement of stating a prima facie case. The plaintiff previously informed the court that Inmates' Legal Assistance Program will not provide assistance because program attorneys do not think that his claims

have merit.  Thus, the denial of assistance is based on the attorneys' assessment of his claims not, as the plaintiff now suggests, an inability to provide legal assistance.

In addition, although the plaintiff has responded to the motion for judgment on the pleadings, the motion is not ready for decision because the defendants have indicated their intent to file a reply.  Thus, consideration of the plaintiff's response would be premature.

At this time, the court still cannot determine whether the plaintiff's claims possess likely merit.  In addition, although the plaintiff may be correct in his assumption that he would have difficulty litigating this case, no trial has been scheduled. Thus, there is not an immediate need for trial counsel.  The plaintiff's motion for appointment of counsel is denied without prejudice.

III. Plaintiff's Motion for Extension of Time [doc. #80]

The plaintiff seeks a ninety-day extension of time to reply to the defendants' opposition to his motions for preliminary injunctive relief [docs. ##65, 68].  The plaintiff's motion is granted.  The defendants filed their opposition on April 10, 2006.  Accordingly, the plaintiff shall file his reply on or before July 10, 2006.  Because the plaintiff has been granted three months to submit his reply, any request for additional time will not be considered favorably.

4

IV.   Plaintiff's Motion to Amend [doc. #82]

The plaintiff seeks leave to amend his complaint to add "continuing violations."  He states in his supporting declaration that he has been housed with an inmate who is HIV+ and denied reclassification and promotion to a higher level job assignment.  He also states that he has received disciplinary reports and that one correctional officer, who is not a defendant in this case, wanted to transfer the plaintiff to another correctional institution.  The plaintiff assumes that all these actions were taken in retaliation for filing this lawsuit.

The plaintiff has not provided a proposed amended complaint.  Thus, the court cannot specifically evaluate the claims he would like to add.  From the information provided, however, the court concludes that amendment is not necessary.

Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires."  Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action.  See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995).  In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment.  See Forman v. Davis, 371 U.S. 178, 182 (1962).

All of the defendants, except one, are high level correctional officials.  The operative complaint, filed November 8, 2005, contains fourteen causes of action:  (1) the plaintiff's classification to high security status, (2) interference with his ability to pray, (3) lack of Jumah services if an Islamic chaplain is not available, (4) no timely prayer at the end of Ramadan in December 2002, (5) insufficient calories in the diet offered during Ramadan, (6) inability to purchase essential Islamic items, (7) no Halal meats, (8) the denial of inmate chaplains, (9) the denial of the plaintiff's request for circumcision, (10) improper handling of the Quran by correctional officers, (11) physical and psychological discrimination because of the plaintiff's faith, (12) improper transfers between two unsanitary and unsafe county jails, (13) correctional staff discarded the plaintiff's personal property without affording him notice and (14) refusal to comply with a federal statute.  The plaintiff does not allege actions by specific individuals.  Rather, he claims that the defendants generally acted improperly and appears to seek policy changes in the way Muslim inmates are treated.  All of his causes of action, except for the request for circumcision and his own classification, reflect issues that would be of general concern to all Muslim inmates.

This case has been pending for nearly two years.  The defendants have answered the amended complaint and filed a motion

for judgment on the pleadings.  The issues the plaintiff references in his declaration are different from those in the complaint.  If the court were to permit the plaintiff to amend again, the resolution of this matter would be further delayed because the defendants would need time to investigate the new allegations.   The court also concludes that the incidents referenced in the plaintiff's declaration will not clarify or amplify the causes of action in the amended complaint.  Rule 15(a) is not intended to permit constant amendment to include everything that happens to the plaintiff during the pendency of this case.  The plaintiff's motion for leave to amend is denied.

V.    Defendants' Motion to Strike [doc. #76]

The defendants move to strike the plaintiff's memorandum in opposition to their motion for judgment on the pleadings as exceeding the page limit established in Rule 7(a)2, D. Conn. L. Civ. R.  In addition, they move to strike the plaintiff's affidavit and exhibits on the ground that the court cannot consider material beyond the complaint when ruling on a motion for judgment on the pleadings.

Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible

bearing on the subject matter of the litigation." Schramm v. Kirschell, 84 F.R.D. 294, 299 (D. Conn. 1979). See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("courts should not tamper with the pleadings unless there is a strong reason for so doing"); Velez v. Lisi, 164 F.R.D. 165, 166 (S.D.N.Y. 1995) ("A motion to strike is an extraordinary remedy which will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.").

A memorandum, an affidavit and exhibits are not pleadings. Rule 7(a), Fed. R. Civ. P., defines a pleading as a complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint or third party answer. Because none of the documents is a pleading, the motion to strike is denied.

In response to the motion, the plaintiff states that he was unaware of the local rule and indicates that, upon receiving the motion to strike, he submitted a motion for leave to file a memorandum in excess of forty pages. Although a review of the docket sheet reveals that no such motion was filed, the court will accept the plaintiff's memorandum. The plaintiff now is on notice that he must obtain leave of court before filing any other memoranda exceeding the permitted page limit.

In addition, both parties are hereby on notice that the court does not intend to convert the motion for judgment on the

pleadings into a motion for summary judgment. Therefore, the court will consider only the plaintiff's memorandum in deciding the motion for judgment on the pleadings. The court will not consider the plaintiff's affidavit or any supporting exhibits.

VI. <u>Defendants' Motions for Extension of Time [docs. #75 & #83]</u>

The defendants move for an extension of time, until June 15, 2006, to reply to the plaintiff's memorandum in opposition to their motion for summary judgment. They state that additional time is required because they only recently received the exhibits attached to the plaintiff's memorandum. The defendants' motion [doc. #83] is granted. The defendants shall file their reply on or before June 15, 2006. In light of this order, the defendants' previous motion for extension of time [doc. #75] is denied as moot.

VII. <u>Conclusion</u>

The plaintiff's motions to compel [**doc. #60**] and for appointment of counsel [**doc. #77**] are **DENIED** without prejudice. The plaintiff's motion for leave to amend [**doc. #82**] is **DENIED**.

The defendants' motion to strike [**doc. #76**] is **DENIED**. However, the court will not convert the motion for judgment on the pleadings into a motion for summary judgment and, therefore, will **not** consider the plaintiff's affidavit or supporting exhibits when ruling on the motion for judgment on the pleadings.

The plaintiff's motion for extension of time [**doc. #80**] is

**GRANTED**.  The plaintiff shall file his reply to the defendants' opposition to his motions for preliminary injunctive relief on or before **July 10, 2006**.  The defendants motion for extension of time [**doc. #83**] is **GRANTED** and their motion for extension of time [**doc. #75**] is **DENIED** as moot.  The defendants shall file their reply to the plaintiff's opposition to the motion for judgment on the pleadings on or before **June 15, 2006**.  Additional requests for extension of time by either party will not be considered favorably.

    **SO ORDERED** this 2nd day of June, 2006, at Hartford, Connecticut.

                                   /s/ Donna F. Martinez
                                   DONNA F. MARTINEZ
                                   UNITED STATES MAGISTRATE JUDGE