```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


JOE BURGOS VEGA                 :
                                :           PRISONER
     v.                         :   Case No.  3:04CV1215(DFM)
                                :
THERESA LANTZ et al.            :
```

                         RULING AND ORDER

   The plaintiff has filed two motions seeking preliminary injunctive relief as a result of incidents occurring in January and February 2006.  The defendants oppose the motions.  For the reasons that follow, the plaintiff's motions are denied.

   "[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'"  <u>Buffalo Forge Co. v. Ampco-Pittsburgh Corp.</u>, 638 F.2d 568, 569 (2d Cir. 1981) (quoting <u>Medical Society of New York v. Toia</u>, 560 F.2d 535, 538 (2d Cir. 1977)).  In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity."  <u>Vorbeck v. McNeal</u>, 407 F. Supp. 733, 739 (E.D. Mo.), <u>aff'd</u>, 426 U.S. 943 (1976).

   In this circuit the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair

ground for litigation, and a balance of hardships tipping decidedly in its favor." Brewer v. West Irondequoit Central Sch. Dist., 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. See Drywall Tapers & Pointers Local 1974 v. Local 530, 954 F.2d 69, 76-77 (2d Cir. 1992). Where, as here, "the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). Upon review of the record, the court determines that oral testimony and argument are not necessary in this case.

In his first motion, the plaintiff asks the court to prohibit the defendants from preventing him and other Islamic inmates from receiving donated Halal meats for two Islamic feasts. He states that, effective January 1, 2006, no foods or beverages may be donated to inmates. All foods for religious observances will be provided through the institutional food service. As a result of the policy change, the plaintiff was not able to receive donated Halal meats from the local Islamic community to celebrate Eid-ul-adha on January 12, 2006.

In the second motion, the plaintiff seeks an order preventing any defendant from subjecting him to physical or psychological retaliation. He includes a detailed summary of events from December 31, 2005 through February 10, 2006, and states that each incident was a retaliatory action taken because he filed this case. For example, the plaintiff states that there was no water in his cell for six hours on December 31, 2005; he was afforded improper dental treatment; the Unit Manager failed to ensure that an emergency grievance, submitted on January 25, 2006, immediately reached the intended recipient; the Unit Manager confiscated his Islamic ring; and the Unit Manager told him that if another cellmate complained about being disturbed by the plaintiff's five daily prayers, the plaintiff would be transferred out of the housing unit.

Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. See id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because

injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

The court has determined that the plaintiff is asserting fourteen causes of action in the operative first amended complaint:  (1) the plaintiff's classification to high security status, (2) denial of five daily congregate prayers, (3) lack of Jumah services if an Islamic chaplain is not available, (4) no timely prayer at the end of Ramadan in December 2002, (5) insufficient calories in the diet offered during Ramadan, (6) inability to purchase essential Islamic items such as oils, toothsticks, incense, leather socks, a compass, Halal toothpaste and other toiletries, (7) no Halal meats on the common fare menu, (8) the denial of inmate chaplains, (9) the denial of the plaintiff's request for circumcision, (10) improper handling of the Quran by correctional officers, (11) physical and psychological discrimination because of the plaintiff's faith, (12) improper transfers between two unsanitary and unsafe county jails, (13) correctional staff discarded the plaintiff's personal property without affording him notice and (14) refusal to comply with the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc.  All claims arose before October 11, 2005, the date of the first amended complaint.  The plaintiff does not allege actions by specific individuals.  Instead, he states in response to the defendants' motion for judgment on the

pleadings, that his claims are against only the "head supervisory officials." (Pl.'s Mem. Opp'n Mot. J. Pleadings, Doc. #74 at 1.)

In his first motion, the plaintiff seeks an order permitting inmates to receive donated Halal meats for Islamic feasts. The request concerns a policy change effective January 1, 2006, nearly three months after he filed the amended complaint. There is no reference in the amended complaint to the donation of Halal meats for Islamic feasts. If the plaintiff were to prevail in this action, the prohibition against donated foods would not change. Contrary to the plaintiff's assertion, any new allegation relating to his religion is not automatically encompassed in this action. If the plaintiff's assertion were true, the issues in this case would constantly change and the defendants would be unable to respond to the claims. The court concludes that this policy is not related to the claims in the amended complaint. The first motion for preliminary injunctive relief is denied. The plaintiff may pursue this claim in a separate action.

The second motion seeks an order preventing retaliatory actions. In the motion, the plaintiff recites various incidents, such as confiscation of his Islamic ring, occurring within a six-week time period. The defendants argue that the incidents do not rise to the level of cognizable constitutional violations. In response, the plaintiff states that he does seek the return of

his ring, but included the other incidents only as examples of the retaliatory treatment he has received since filing this action.  (See Pl.'s Reply, Doc. #88, at 14-16.)

The plaintiff cannot prevail in a claim regarding return of his Islamic ring for two reasons.  First, the confiscation of the ring is beyond the scope of the complaint.  The ring was not confiscated until January 2006.  Thus, there is no reference to the ring in the amended complaint.  The plaintiff argues that the ring falls within the thirteenth cause of action in which he alleges that correctional staff destroyed items of his personal property without affording him due process.  The ring, however, was not destroyed.  The court concludes that the confiscation of the ring is beyond the scope of this action.

In addition, a claim for the deprivation of personal property without due process is not cognizable under 42 U.S.C. § 1983.  The Supreme Court has found that the Due Process Clause is not violated where a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers, if the state provides an adequate post-deprivation compensatory remedy.  Hudson v. Palmer, 468 U.S. 517, 531 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981).

The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff describes.  See Conn. Gen. Stat. § 4-141 et seq. (providing that claims for payment or

refund of money by the state may be presented to the Connecticut Claims Commission).  This state remedy is not rendered inadequate simply because the plaintiff anticipates a more favorable remedy under the federal system or that it may take a longer time under the state system before his case is resolved.  See Hudson v. Palmer, 468 U.S. at 535.  To state a claim cognizable in federal court, the plaintiff must show that he has been denied due process of law, i.e., that he was denied an opportunity to attempt to redress this alleged wrong through legal procedures. See Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 473 (S.D.N.Y. 1998).

   The plaintiff can pursue his claim with the Connecticut Claims Commission.  Although he states that he cannot do so because the ring was purchased for him by his family, the court can discern no such restriction in the state statutes or case law.  The existence of an adequate state remedy mandates the dismissal of any claim regarding confiscation of the plaintiff's ring.  Thus, preliminary injunctive relief is not warranted.  See Aziz Zarif Shabazz, 994 F. Supp. at 473 (where state law provides adequate remedy, claims for loss of personal property not cognizable under section 1983).

   The remaining incidents described in the second motion are insufficient to warrant an award of preliminary injunctive relief based on retaliation.  To state a claim for retaliation, the

plaintiff must demonstrate "first, that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003). Because of the "ease with which claims of retaliation may be fabricated," however, the court "examines prisoners' claims of retaliation with skepticism and particular care." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995). "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

The plaintiff assumes that the actions listed in his declaration were taken because he filed this action. In the motion, however, he states that several actions were taken because he filed an emergency medical grievance and because he cellmates complained about his five daily prayers. The defendants have provided the affidavit of Unit Manager Captain Gonzalez in which Captain Gonzalez states that he was unaware of the existence of this case until informed by the Office of the Attorney General several weeks after the incidents occurred. The plaintiff's assumption is insufficient to support an award of preliminary injunctive relief. Thus, the motion is denied as to any injunction based on retaliatory conduct.

The plaintiff's motions [**docs. ##65, 68**] are **DENIED**.

8

This is **not** a recommended ruling.  The parties have consented to the exercise of jurisdiction by a magistrate judge and this case was transferred to the undersigned for all purposes on June 14, 2005.  (<u>See</u> Doc. #27).

**SO ORDERED** this 14th day of September, 2006, at Hartford, Connecticut.

                                                   /s/ Donna F. Martinez
                                                  DONNA F. MARTINEZ
                                                  UNITED STATES MAGISTRATE JUDGE