```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JOE BURGOS VEGA, et al.       :
                              :                PRISONER
     v.                       :     Case No.  3:04CV1215(DFM)
                              :
THERESA LANTZ et al.          :
```

RULING AND ORDER

The plaintiff has filed motions seeking appointment of counsel, class certification, appointment of an Islamic expert, leave to depose several individuals and extension of time to complete discovery. Defendants seek an extension of time, until December 15, 2006, to respond to all of the plaintiff's pending motions.

I.   Motion for Appointment of Counsel [doc. #96]

The plaintiff has renewed his request for appointment of pro bono counsel. The court concludes that appointment of counsel would facilitate the resolution of this case. Accordingly, the plaintiff's motion [**doc. #96**] is **GRANTED**. The Clerk is directed to attempt to located pro bono counsel to represent the plaintiff in this action.

Although the court will make diligent efforts to locate an attorney, there is no guarantee that an attorney will be found. The plaintiff is cautioned that by granting this motion, the court has not relieved him of the obligation to prosecute this

case.

II. <u>Motion for Class Certification [doc. #97]</u>

The plaintiff next asks the court to certify this case as a class action. In support of his motion, the plaintiff refers to the court's remark in the ruling on the defendants' motion for judgment on the pleadings that many of the issues raised by the plaintiff were common to all Muslim inmates.

Class certification is governed by Rule 23, Fed. R. Civ. P. Specifically, Rule 23(a) identifies four prerequisites which must be met before a class action can be certified.

> One or more members of a class may sue or be sued as representatives parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The party seeking to certify a class bears the burden of demonstrating that the requirements of Rule 23 have been met. <u>See</u> <u>Eisen v. Carlisle & Jacquelin</u>, 417 U.S. 156 (1974). In addition, the Second Circuit has held that class certification is properly denied where the prospective relief requested would benefit all members of the proposed class to the extent that class certification would provide no additional benefit. <u>See</u> <u>Davis v. Smith</u>, 607 F.2d 535, 540 (2d Cir. 1978). For example,

class certification is not necessary in an action seeking declaratory and injunctive relief against state officials on the ground that a statute or administrative practice is unconstitutional.  See Galvan v. Levine, 490 F.2d 1255, 1261, (2d Cir. 1973), cert. denied, 417 U.S. 936 (1974).

As a pro se litigant, the plaintiff only can represent himself.  See Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992) (holding that *pro se* prisoner cannot adequately represent interest of class of prisoners), aff'd, 995 F.2d 216 (2d Cir. 1993); see also Fed. R. Civ. P. 11 (a) (requiring all papers to be signed by the party or an attorney).  The plaintiff concedes that he cannot sufficiently represent the interests of the class.  He argues, however, that because he has filed a motion for appointment of counsel, the court should disregard this fact and certify the class with the expectation that pro bono counsel will be located.  As stated above, there is no guarantee that the court will locate an attorney willing to accept an appointment in this case.  Thus, to grant the motion for class certification at this time would be improvident.  In addition, although many of the plaintiff's claims are representative of the claims of all Muslim inmates, the complaint, in its present form includes claims specific to the plaintiff, such as his request for circumcision.

The plaintiff's motion for class certification [**doc. #97**] is

**DENIED** without prejudice.  If pro bono counsel is located and determines that class certification is warranted, counsel may refile the motion for class certification.

III. <u>Motions to Appoint Islamic Expert and Leave to Depose [docs. ##98, 100</u>

The plaintiff next asks the court to appoint an Islamic expert and grant him leave to depose Brian K. Murphy, Rev. Mack Elder and Dawud Amin.

The statute authorizing indigent persons to file an action without prepayment of the filing fee, 28 U.S.C. § 1915, does not authorize the court to pay expert witness fees.  There is "no statutory authority to authorize payment [by the court] of expert witness fees in civil suits for damages brought by indigents." <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 474 (3d Cir. 1987).  Indeed, "the Supreme Court has held that 'expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'"  <u>Pedraza v. Jones</u>, 71 F.3d 194, 196 (5th Cir. 1995) (quoting <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976)). The Second Circuit also has held that section 1915 does not authorize either the waiver or payment of witness fees by the court.  <u>See</u> <u>Malik v. LaValley</u>, 994 F.2d 90, 90 (2d Cir. 1993); <u>see also</u> <u>Horton v. Berge</u>, No. 02-C-0470-C, 2003 WL 23111965, at *5 (W.D. Wis. Jan. 29, 2003) (holding that section 1915 does not authorize payment for expert witness to assist indigent plaintiff in prosecuting his claims); <u>Ross v. Coombe</u>, No. 94-CV-6497, 1996

4

WL 637756 (W.D.N.Y. Oct. 30, 1996) (declining to order an independent medical examination at court expense).

In addition, section 1915 does not authorize the payment of deposition expenses by the court.  See Tajeddini v. Gulch, 942 F. Supp. 772, 782 (D. Conn. 1996) (denying plaintiff's motion to depose defendants because plaintiff did not indicate how he would pay deposition expenses and in forma pauperis status does not require advancement of funds by the court for deposition expenses); Dorsey v. Singletary, 1989 WL 135198, at *3 (N.D. Ill. November 1, 1989) (holding that section 1915 "does not entitle an indigent to payment of witness fees for issuance of a subpoena or other costs associated with a deposition").

The plaintiff has not indicated how he intends to pay witness fees for an Islamic expert or the costs associated with the depositions.  Thus, his motions [**docs. ##98, 100**] are **DENIED** without prejudice.  The plaintiff may refile his motion if he can demonstrate that he has sufficient funds to pay the expert or deposition expenses.

IV.  Motions for Extension of Time [docs. ##99, 101]

In the ruling on defendants' motion for judgment on the pleadings, the court ordered that all discovery in this case be completed on or before November 25, 2006.  In a motion dated October 10, 2006, the plaintiff seeks ninety days from the date of his motion to complete discovery.  He states that the

additional time is needed to consult with a lawyer at Inmates' Legal Assistance Program on the proper form of his discovery requests. The plaintiff's motion [**doc. #99**] is **GRANTED**. All discovery shall be completed on or before **January 10, 2007.**

The defendants seek an extension of time until December 15, 2006 to reply to all pending motions. The only motion that remains pending is the plaintiff's motion for preliminary injunctive relief [doc. #81]. The defendants' motion [**doc. #101**] is **GRANTED**. The defendants are directed to file their response to the plaintiff's motion for preliminary injunctive relief on or before **December 15, 2006.**

V. <u>Conclusion</u>

The plaintiff's motion for appointment of counsel [**doc. #96**] is **GRANTED**. The Clerk is directed to attempt to obtain <u>pro</u> <u>bono</u> counsel to represent the plaintiff. The plaintiff is reminded that granting this motion does not relief him of the obligation to prosecute this case until such time as an attorney appears on his behalf.

The plaintiff's motions for class certification [**doc. #97**], appointment of an Islamic expert [**doc. #98**] and leave to depose [**doc. #100**] are **DENIED** without prejudice.

The plaintiff's motion for extension of time to complete discovery [**doc. #99**] is **GRANTED**. All discovery shall be completed on or before **January 10, 2007.** The defendants' motion

for extension of time [**doc. #101**] is **GRANTED**.  The defendants shall respond to the plaintiff's motion for preliminary injunctive relief on or before **December 15, 2006.**

    **SO ORDERED** this 6th day of November, 2006, at Hartford, Connecticut.

                                                  /s/ Donna F. Martinez
                                                  DONNA F. MARTINEZ
                                                  UNITED STATES MAGISTRATE JUDGE