UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE BURGOS VEGA, | CIVIL ACTION NO.: |
| | 3:04CV1215 (DFM) |
| Plaintiff, | |
| | |
| v. | |
| | |
| THERESA LANTZ, ET AL., | |
| | |
| Defendants. | APRIL 16, 2013 |

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY BY DEFENDANTS' WITNESSES IMAM WALI RUSHDAN AND ALY GHANIM

### INTRODUCTION

The plaintiff, Joe Burgos Vega ("Plaintiff" or "Mr. Vega") hereby moves to preclude the Defendants' witnesses Imam Wali Rushdan and Aly Ghanim from offering expert testimony regarding the Islamic faith or in regard to prayer oils currently offered for sale to inmates by the Department of Correction (the "DOC"). Any expert testimony regarding the Islamic faith offered by Imam Rushdan and Mr. Ghanim should be precluded because (1) a portion of the testimony that Imam Rushdan and Mr. Ghanim are expected to offer at trial is based on specialized knowledge constituting expert opinion testimony within the scope of Rule 702 of the Fed. R. Evid.; and (2) Defendants failed to disclose, timely or otherwise, Imam Rushdan and Mr. Ghanim as an expert and provide an expert report pursuant to the requirements of Rule 26(a)(2) of the Fed. R. Civ. P.

Defendants' failure to disclose Iman Rushdan and Mr. Ghanim as an expert *mandates* exclusion of expert opinion testimony from them at trial.

**ORAL ARGUMENT REQUESTED**
ME1 15449230v.1

**I.    Defendants' Disclosed Witness: Imam Wali Rushdan**

In the Joint Trial Memorandum, submitted to the Court on April 16, 2013 ("Joint Trial Memo", attached hereto as Exhibit A), Defendants' disclosed Imam Rushdan as a witness. In the Joint Trial Memo Defendants propose that Imam Rushdan will testify regarding:

> his background training and experience. He will testify along the lines of his affidavit that all manufacturing and products for Prime Products, the oils available in the DOC commissary, have been approved and the oils are considered Halal. The oils do not contain any alcohol or animal by-products and are approved for use during Muslim religious services. Imam Rushdan will also testify that the oils are optional and that the denial of oils is not a significant burden on the practice of the Muslim religion.

Joint Trial Memo at p. 12-13. Plaintiff moves to preclude those portions of Imam Rushdan's testimony that purport to give expert opinions on Islam or the prayer oils at issue in this case.

**II.    Defendants' Disclosed Witness: Aly Ghanim**

Defendants also disclosed Aly Ghanim as a witness in the Joint Trial Memo. Defendants propose that Mr. Ghanim will testify regarding: "the Halal certification process and will authenticate the Islamic (Halal) Certificate issued in regards to Prime Products USA, Inc. certifying that the oils do not contain any haram (impermissible) items (pork or alcohol) and are suitable for Muslim use." Joint Trial Memo at p. 14. Plaintiff moves to preclude those portions of Mr. Ghanim's testimony that purport to give expert opinions on Islam or the prayer oils at issue in this case.

## ARGUMENT

**III.    Deadline for the Disclosure of Expert Testimony**

On December 21, 2006, the Court issued Order No. 109, which set forth the guidelines for experts in this case ("Scheduling Order", attached hereto as Exhibit B):

2

MEI 15449230v.1

> An expert witness is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Unless otherwise ordered, a party intending to call such a witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B).

*See* Scheduling Order at p. 1-2. The Court further amended the Scheduling Order on January 11, 2007 (Docket No. 115) to require that "defendants shall disclose their expert witnesses by 3/17/07."

Defendants did not, and have not, disclosed Imam Rushdan or Mr. Ghanim as an expert pursuant to Rule 26(a)(2) up to the date of this motion.

### IV.     Standard to Exclude Expert Testimony

Pursuant to Rule 26(a)(2) of the Fed. R. Civ. P., a party that intends to offer expert testimony at trial must disclose the identity of any such witness, accompanied by a detailed written report containing the detailed information set forth in Rule 26(a)(2)(B). A party will "not be permitted to call an expert witness at trial, having failed to disclose the substance of any testimony an expert may provide in accordance with FED. R. CIV. P. 26(a). *Croom v. W. Conn. State Univ.*, 2002 U.S. Dist. LEXIS 27371, at *7-*8 (D. Conn. Apr. 3, 2002).[1]

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Croom*, 2002 U.S. Dist. LEXIS 27371, at *7.

### V.     Imam Rushdan's Proposed Testimony is Expert Opinion Testimony

Rules 701 and 702 of the Fed. R. Evid. distinguish between lay and expert testimony. In relevant part, Rule 701 limits lay opinion testimony to "those opinions or inferences which are:

---

[1] Unreported decisions are attached hereto as Exhibit C in the order that they are cited herein.

3

MEI 15449230v.1

... c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702". Fed. R. Evid. 701.

Here, Imam Rushdan and Mr. Ghanim are only qualified to testify as to lay facts of which they have personal knowledge. However, Defendants' portion of the Joint Trial Memo indicates that Imam Rushdan and Mr. Ghanim are also expected to testify regarding conclusions about Islam and what practices are acceptable within the religion and/or about prayer oils that are at issue in this case. These are clearly expert religious or scientific opinions of which neither Imam Rushdan nor Mr. Ghanim have been qualified to offer. Insofar as Iman Rushdan or Mr. Ghanim will testify regarding these subjects, Plaintiff requests that those portions of their testimony be barred.

## Conclusion

Defendants have failed to submit an expert report for either Imam Rushdan or Mr. Ghanim pursuant to Rule 26(a)(2) of the Fed. R. Civ. P. and they should therefore be restricted to presenting testimony that qualifies as "lay opinion" under Fed. R. Evid. 701. For the foregoing reasons, this Court must exclude any expert testimony of Imam Rushdan or Mr. Ghanim due to Defendants' failure to comply with the requirements of Rule 26(a)(2) and the Court's Scheduling Order with respect to the disclosure of expert witnesses.

WHEREFORE, the plaintiff, Joe Burgos Vega, respectfully requests that the Court grant this Motion and preclude Defendants from offering any expert testimony from Imam Rushdan or Mr. Ghanim.

Dated: April 16, 2013

    Hartford, Connecticut

THE PLAINTIFF,

JOE BURGOS VEGA

By: /s/ Charles D. Ray
    Charles D. Ray
    Federal Bar No.: ct 13211
    Jordan D. Abbott
    Federal Bar No.: ct 28618
    McCarter & English, LLP
    CityPlace I
    185 Asylum Street
    Hartford, Connecticut 06103
    Tel.: (860) 275-6700
    Fax: (860) 724-3397

## **CERTIFICATION**

This is to certify that on the 16th day of April, 2013, a copy of the foregoing was hereby sent electronically to:

Steven R. Strom, Esq.
Edward Wilson, Jr., Esq.
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, Connecticut 06105

***Attorney for the defendants.***

/s/ Charles D. Ray
Charles D. Ray