UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE BURGOS VEGA, | : CIVIL ACTION NO.: |
| | : 3:04CV1215 (DFM) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| THERESA LANTZ, ET AL., | : |
| | : |
| Defendants. | : APRIL 16, 2013 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE THE "EXPERT" OPINIONS OF THERESA C. LANTZ AND ANTHONY J. BRUNO IN CONNECTION WITH THE ISLAMIC FAITH AND SECURITY**

The plaintiff, Joe Burgos Vega ("Mr. Vega") submits the following memorandum of law in support of his motion to preclude the "expert" opinions of defendants Anthony J. Bruno ("Reverend Bruno") and Theresa C. Lantz ("Commissioner Lantz") in connection with the Islamic faith and security. Such opinions should be precluded because they are inadmissible under Rule 702 of the Federal Rules of Evidence.

**PRELIMINARY STATEMENT**

Reverend Bruno and Commissioner Lantz are not "experts" on Islamic issues and security. Rather, both admit that they rely on personnel within the Connecticut Department of Correction ("DOC") to act as their experts. As set forth below, in connection with their Motion for Summary Judgment, Defendants have submitted expert reports from all those DOC personnel on which Reverend Bruno and Commissioner Lantz rely to form the basis for their opinions. Reverend Bruno's and Commissioner Lantz's alleged "expert" opinions are nothing more than a regurgitation of the opinions of other interested parties in this case. Consequently, the "expert" opinions of Reverend Bruno and Commissioner Lantz do not meet the standards of qualification

ME1 12219365v.1

and reliability to be admissible evidence under Rule 702 of the Federal Rules of Evidence and should not be considered by this Court at trial.

## FACTS

### I. REVEREND BRUNO'S EXPERT REPORT

To the extent that the Defendants intend to offer the Expert Disclosure and Report of Reverend Anthony J. Bruno, dated May 18, 2007 ("Bruno Report"), at trial, the Plaintiff objects.[1] Reverend Bruno is a Catholic priest and has been the Director of Religious Services for the DOC since 1999. 7/12/07 Bruno Dep. at 22:25-23:22[2]; Bruno Report at Curriculum Vitae.

The Bruno Report contains alleged "expert" opinions on Islamic issues and security issues. For example, Reverend Bruno states,

> (1) "[T]here are provisions in the Muslim religion for individual prayer in lieu of collective prayer...." Bruno Report at p. 5.
>
> (2) "The DOC does not allow inmate chaplains because this leads to major security problems." Bruno Report at p. 3.
>
> (3) "Many Muslims do not use oils. There is no 'must' requirement in the religion regarding the use of oils, but rather an individual option or choice." Bruno Report at p. 10.

At his deposition, Reverend Bruno testified that his opinion on congregate prayer came from Imam Hasan. 7/31/07 Bruno Dep. at 189:1-15; 193:15-19. Reverend Bruno testified that his opinion on the importance of oils in the practice of Islam was based on "Imam Hasan's expert testimony." 8/2/07 Bruno Dep. at 227:17-23. Further, Reverend Bruno defers to DOC Deputy Commissioner Brian Murphy on security-related issues in connection with inmate leaders. 7/31/07 Bruno Dep. at 184:20-185:5.

---

[1] The Defendants previously submitted the Bruno Report in their Motion for Summary Judgment, dated January 11, 2008 [Dkt. No. 146]. The Bruno Report was attached to Defendants' Local Rule 56(a)1 Statement of Material Facts, dated January 11, 2008 [Dkt. #149] ("Statement of Material Facts"), as Exhibit D. In Magistrate Judge Martinez's decision on Defendants' Motion for Summary Judgment, she noted in a footnote that Plaintiff should resubmit this Motion at the time of trial.

[2] Pertinent pages of the Deposition Transcripts of Anthony J. Bruno are attached hereto as Exhibit A.

## II. COMMISSIONER LANTZ'S EXPERT REPORT

To the extent that the Defendants intend to offer the Expert Disclosure and Report of Theresa C. Lantz, dated April 20, 2007 ("Lantz Report"), at trial, the Plaintiff objects.[3] Theresa C. Lantz is the Commissioner of the DOC. 4/24/07 Lantz Dep. at 9:1-2.[4]

The Lantz Report contains alleged "expert" opinions on Islamic issues and security issues. For example, Commissioner Lantz states,

(1) "Additionally, the DOC has experience serious security problems in the past with inmate-led Islamic congregations, including an incident at Osborn CI occurring at Ramadan where a Muslim inmate cut the throat of a correctional officer." Lantz Report at p. 3.

Commissioner Lantz bases her opinion on prayer leaders on the opinion of Imam Hasan. 4/24/07 Lantz Dep. at 109:9-17. Commissioner Lantz's knowledge of the Osborn incident comes for Deputy Commissioner Murphy. 4/24/07 Lantz Dep. at 110:14-111:1. Commissioner Lantz admitted to reviewing Deputy Murphy's expert report in this case during "the same time period" as when she wrote the Lantz Report but did not know if she relied on Deputy Murphy's report in drafting her report. 4/24/07 Lantz Dep. at 120:19-121:11.

## ARGUMENT

### I. STANDARD

Pursuant to Rule 702 of the Federal Rules of Evidence, expert testimony is admissible only "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Consequently, the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579,

---

[3] The Lantz Report was attached to Defendants' Local Rule 56(a)1 Statement of Material Facts [Dkt. #149] ("Statement of Material Facts"), as Exhibit J.
[4] Pertinent pages of the Deposition Transcript of Theresa C. Lantz are attached hereto as Exhibit B.

597 (1993). The Court is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumbo Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

## II. REVEREND BRUNO AND COMMISSIONER LANTZ RELY SOLELY ON THE OPINIONS OF OTHERS IN VIOLATION OF RULE 702 OF THE FEDERAL RULES OF EVIDENCE.

As noted in the fact section above, Reverend Bruno and Commissioner Lantz exclusively rely on Imam Hasan and Brian Murphy for their alleged "expert" opinions in connection with Islam and DOC security. In so doing, the Bruno Report and Lantz Report violate the very basic evidentiary rule regarding the admissibility of expert testimony that "[a]n expert may render his opinion based on facts not within his personal knowledge, but an expert's opinion cannot be based on the opinions and conclusions of others." 23 C.J.S. Criminal Law § 1466; see also Russo v. JIL Industries, No. 1:04CV1179, 2006 U.S. Dist. LEXIS 97269, at *12 (N.D.N.Y. Nov. 20, 2006).[5]

In Russo, the Court precluded the testimony of the plaintiff's expert at the summary judgment stage because the expert's conclusions were based on information relayed to him from a party to the action. Id. The Court found that the information underlying the expert's conclusions "unless supported by independent and reliable scientific methodologies, is [] inadmissible under the reliability requirements of FRE 702 and *Daubert*." Id.

Similarly here, Reverend Bruno and Commissioner Lantz rely on the conclusions of interested parties to this litigation for the opinions found in their "expert" reports. For example, every opinion Reverend Bruno has on Islamic issues comes from Imam Hasan. 7/31/07 Bruno Dep. at 189:1-15; 193:15-19; 8/2/07 Bruno Dep. at 213:8-20. With specific regard to Islamic

---

[5] Unreported decisions are attached hereto in the order in which they are cited as Exhibit C.

oils, Reverend Bruno's testified that "Imam Hasan's expert testimony" was the basis for his opinion. 8/2/07 Bruno Dep. at 227:17-23. Commissioner Lantz admitted to reviewing Deputy Murphy's expert report in this case during "the same time period" as when she wrote the Lantz Report. 4/24/07 Lantz Dep. at 120:19-121:11.

Imam Hasan and Brian Murphy each submitted expert reports in support of Defendants' Motion for Summary Judgment. Expert reports from Reverend Bruno and Commissioner Lantz that rely on the expert reports of Imam Hasan and Brian Murphy are duplicative and inadmissible under Rule 702 of the Federal Rules of Evidence.

## CONCLUSION

Based on the foregoing, Mr. Vega respectfully requests that this Court preclude the opinions on Islamic issues and DOC security found in the Bruno Report and the Lantz Report, and any testimony related thereto, as inadmissible under Rule 702 of the Federal Rules of Evidence.

Dated: April 16, 2013
Hartford, Connecticut

THE PLAINTIFF,
JOE BURGOS VEGA

By: /s/ Charles D. Ray
　　Charles D. Ray
　　Federal Bar No.: ct 13211
　　Jordan D. Abbott
　　Federal Bar No.: ct 28618
　　McCarter & English, LLP
　　CityPlace I
　　185 Asylum Street
　　Hartford, Connecticut 06103
　　Tel.: (860) 275-6700
　　Fax: (860) 724-3397

## **CERTIFICATION**

This is to certify that on the 16th day of April 2013, a copy of the foregoing was hereby sent electronically to:

Steven R. Strom, Esq.
Edward Wilson, Jr., Esq.
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, Connecticut 06105

***Attorney for the defendants.***

/s/ Charles D. Ray
Charles D. Ray

ME1 12219365v.1